FILED
John E. Triplett, Acting Clerk
United States District Court

*By MGarcia at 11:50 am, May 15, 2020*

# In the United States District Court for the Southern District of Georgia Brunswick Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CR 215-010 |
| BOBBY JAMES COURSON, | |
| Defendant. | |

### ORDER

Before the Court is Defendant Bobby Courson's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act.  Dkt. Nos. 382, 383.  For the reasons below, Courson's motion is **DISMISSED**.

### BACKGROUND

In July 2015, under a written plea agreement, Courson pleaded guilty to conspiracy to possess with intent to distribute methamphetamine, oxycodone, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846.  Dkt. Nos. 114, 116.  In March 2016, the Court sentenced Courson to 125 months' imprisonment with the Bureau of Prisons ("BOP").  Dkt. No. 313.  Courson did not directly appeal.  According to the BOP website, Courson is currently incarcerated at FCI Jesup located in Jesup, Georgia, with a projected release date of April 13, 2022.

The Court construes Courson's motion as one for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Courson's motion is based on the COVID-19 pandemic and his concern for his health. He also avers that he has served most of his prison sentence and wants to be released in order to care for his young daughter. As the Government notes, however, Courson has not exhausted his administrative remedies with the BOP as required by 18 U.S.C. § 3582(c)(1)(A).

## DISCUSSION

Before a prisoner can file a motion under 18 U.S.C. § 3582, he must first have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id. § 3582(c)(1)(A). Here, Courson does not allege in his original motion that he attempted to exhaust his administrative remedies. See Dkt. No. 382. In his supplemental filing, Courson avers, "I am now sending a copy of the denial from the BOP in this case [which] they say that I do not fit the criteria for this." No such denial is attached to his supplemental motion, however. Thus, it is impossible for the Court to determine whether Courson in fact submitted an administrative remedy request or, assuming that Courson did so, what kind of request he submitted.

2

Because Courson has not provided the Court with enough information to conclude he has exhausted his administrative remedies, the Court must dismiss his motion. See <u>United States v. Coates</u>, 775 F. App'x 669, 671 (11th Cir. 2019) ("Nothing in the record before us here indicates [defendant] exhausted his administrative remedies before filing his request with the district court. The district court therefore lacked jurisdiction to consider [defendant's] motion.").

Accordingly, Courson's motion, dkt. no. 382, is **DISMISSED**.

**SO ORDERED,** this 15th day of May, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA